UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE STOYTCHEV,<br><br>        Plaintiff,<br><br>  -against-<br><br>CITY OF YONKERS, *et al.*,<br><br>        Defendants. | **ORDER**<br><br>22-cv-8877 (AEK) |

**ANDREW E. KRAUSE, United States Magistrate Judge:**

  On November 28, 2023, the Court conducted a settlement conference at which Plaintiff appeared *pro se*, but no settlement was reached. On December 14, 2023, Defendants' counsel submitted a letter indicating that the case was trial-ready. *See* ECF No. 24. The Court subsequently directed Plaintiff to file a letter to, among other things, "indicate whether Plaintiff requests that the Court attempt to locate *pro bono* counsel to represent him for purposes of trial." *See* ECF No. 25. On January 19, 2024, Plaintiff filed a letter in which he requested that the Court help him to obtain *pro bono* counsel. ECF No. 28. For the following reasons, Plaintiff's application is DENIED WITHOUT PREJUDICE. As explained below, Plaintiff may, under appropriate circumstances, renew his application at a later time.

  To justify a request for *pro bono* counsel under 28 U.S.C. § 1915(e)(1), a litigant must first demonstrate that he or she is unable to afford counsel by, for example, successfully applying for leave to proceed *in forma* pauperis ("IFP"). *See Vickers v. Dep't of Veteran's Affairs*, No. 22-cv-1781 (DEH), 2023 WL 7414674, at *1 (S.D.N.Y. Oct. 30, 2023) (attached); *Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994). Plaintiff has not taken this necessary step in this matter. If Plaintiff chooses to do so, he may submit an application to

proceed IFP, using the form available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/IFP-application.pdf.  Such application must be filed by February 16, 2024.

If Plaintiff's IFP application is approved, the Court will then consider Plaintiff's application for appointment of *pro bono* counsel without the need to re-file the request.  At that point, that Court would then evaluate the factors set forth by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  These include whether the plaintiff's claim "seems likely to be of substance"; the plaintiff's ability and efforts to obtain counsel; and the plaintiff's ability to handle the case without the assistance of counsel.  *Id.* at 61-62; *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

Accordingly, Plaintiff's application for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.

Dated: February 5, 2024
       White Plains, New York

**SO ORDERED:**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

2023 WL 7414674
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Asiya VICKERS, Plaintiff,
v.
DEPARTMENT OF VETERAN'S AFFAIRS, Defendant.

22-CV-1781 (DEH)
|
Signed October 30, 2023

**Attorneys and Law Firms**

Asiya Vickers, New York, NY, Pro Se.

Amanda M. Lee, DOJ-USAO, New York, NY, for Defendant.

### ORDER

DALE E. HO, United States District Judge:

**\*1** Plaintiff has filed an Application for the Court to Request Pro Bono Counsel for Limited Representation for Settlement Negotiations and Depositions. Dkt. No. 54. For the following reasons, Plaintiff's application is denied without prejudice at this time. As explained below, Plaintiff may, under appropriate circumstances, renew her application at a later time.

### LEGAL STANDARD

The *in forma pauperis* (IFP) statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel under the *in forma pauperis* statute. Instead, a court may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and concerning public benefit, to preserve the "precious commodity of volunteer-lawyer time." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Court of Appeals for the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. The litigant must first prove that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

### DISCUSSION

The Court is sympathetic to the Plaintiff's difficulty in obtaining counsel. But Plaintiff has not filed, nor been granted, a Request to Proceed *in Forma Pauperis* (IFP). *Cf. Hodge*, 802 F.2d at 61. Therefore, Plaintiff does not qualify as indigent. To justify a request for pro bono counsel under 28 U.S.C. § 1915(e)(1), the litigant must first demonstrate that he or she is unable to afford counsel by, for example, successfully applying for leave to proceed IFP. *Travis v. Bank of America, N.A.*, 22-CV-2025151, 2023 WL 2025151, at \*1 (S.D.N.Y. Jan. 19, 2023); *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (the district court "must first ascertain whether the litigant is able to afford or otherwise obtain counsel").

**Vickers v. Department of Veteran's Affairs, Slip Copy (2023)**
2023 WL 7414674

**\*2** If appropriate, the Plaintiff may apply to proceed *in Forma Pauperis* (IFP), the form for which is available at: https://www.nysd.uscourts.gov/node/838. If Plaintiff chooses to do so, and if her application to proceed IFP is granted, Plaintiff may then refile an Application for the Court to Request Pro Bono Counsel for Limited Representation.

### CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Pro Bono Counsel for Limited Representation for Settlement Negotiations and Depositions is denied without prejudice to its renewal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 7414674

---

End of Document                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.