UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE STOYTCHEV,

                              Plaintiff,

           -against-

CITY OF YONKERS, *et al.*,

                              Defendants.

**ORDER GRANTING
APPLICATION FOR
*PRO BONO* COUNSEL**

No. 22-CV-8877 (AEK)

ANDREW E. KRAUSE, United States Magistrate Judge:

The Court issued an order on February 5, 2024, denying without prejudice Plaintiff's application for the appointment of *pro bono* counsel, subject to Plaintiff filing an application to proceed in this action *in forma pauperis* ("IFP") and having that application granted.  ECF No. 31.  In accordance with the Court's order, Plaintiff filed his application to proceed IFP on February 14, 2024.  ECF No. 32.  The Court has granted that application, ECF No. 36, and now considers Plaintiff's application for the appointment of *pro bono* counsel.

Courts consider a number of factors in deciding whether to grant an application for the appointment of *pro bono* counsel.  The litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*.  Since Plaintiff's IFP application has been granted, he has adequately demonstrated that he is indigent.  The Court next considers the factors set forth by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  These include whether the plaintiff's claim "seems likely to be of substance"; the plaintiff's ability and efforts to obtain counsel; and the plaintiff's ability to handle the case without the assistance of counsel.  *Id.* at 61-62; *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

With respect to the merits of Plaintiff's claims, Plaintiff has succeeded in litigating this case through the completion of almost all discovery, and the claims are sufficiently substantial to proceed to trial.  Plaintiff informed the Court at a conference held on February 5, 2024, that he had made significant unsuccessful efforts to obtain counsel.  Finally, the Court finds that Plaintiff would benefit from the assistance of counsel to present his claims at trial.  In sum, the Court finds that all of the *Hodge* factors weigh in favor of granting Plaintiff's application.

Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is GRANTED.

Dated: February 22, 2024
       White Plains, New York

**SO ORDERED:**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

2